**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4418

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

KENNETH RAY CARLYLE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:18-cr-00376-TDS-1)

Submitted: June 24, 2022                                    Decided: August 11, 2022

Before GREGORY, Chief Judge, and WYNN and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Meredith C. Ruggles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ray Carlyle, Jr., appeals his jury conviction and sentence for knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. § 922(g)(1).  On appeal, Carlyle contends that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided after he was convicted and sentenced; the evidence was insufficient for the jury to find that he knowingly possessed the firearm; and the district court erred at sentencing by applying an obstruction-of-justice enhancement under U.S. Sentencing Guidelines Manual § 3C1.1.  We grant Carlyle's motion to file a pro se supplemental brief addressing *Rehaif*, deny his motion for summary disposition, and affirm the district court's judgment.

Carlyle contends that he is entitled to relief under *Rehaif* because his indictment did not allege, and the jury was not instructed to find, that he knew he was a convicted felon at the time of the offense.  Because Carlyle did not raise this issue in the district court, we review the issue for plain error.  *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("plain-error review applies to unpreserved *Rehaif* errors").  "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights."  *Caldwell*, 7 F.4th at 211.  For a jury conviction, a defendant must show that absent the error, "there is a 'reasonable probability' that he would have been acquitted."  *Greer*, 141 S. Ct. at 2097 (citation omitted).  "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'"  *Id*. at 2096-97 (citations omitted).

2

"[I]n *Rehaif*, the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant [felon] status when he possessed it*." *Caldwell*, 7 F.4th at 213 (quoting *Rehaif*, 139 S. Ct. at 2194). "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Id*. (quoting *Greer*, 141 S. Ct. at 2097). However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id*.

"[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Greer*, 141 S. Ct. at 2097. "But if a defendant does not make such an argument or representation on appeal, [we] will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id*.; *see United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir.) (concluding defendant failed to make required showing where he testified he was not allowed to possess firearms and had "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting this evidence that he knew he was a felon") (quoting *Greer*, 141 S. Ct. at 2100), *cert. denied*, __ S. Ct. __, 2022 WL 2111431 (June 13, 2022); *Caldwell*, 7 F.4th at 213 (concluding

3

defendant could not make required showing where he never disputed validity of his felony convictions and had served sentences longer than a year "making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

Although there was plain error in this case, we conclude that Carlyle has failed to show that his substantial rights were affected, i.e., that absent the error, there is a reasonable probability that he would have been acquitted. Carlyle's arresting officers testified at trial that he admitted he knew that he was a felon and was not allowed to possess a firearm; he stipulated that he was a felon; he has not disputed the validity of his felony convictions; and he served more than one year in prison on those convictions. Moreover, on appeal, he has not proffered a sufficient argument or representation that he would have presented a factual basis at trial for contradicting this evidence that he knew he was a felon.

Carlyle also argues the evidence was insufficient to support his conviction, because there was insufficient evidence to support the jury's finding that he knowingly possessed the firearm. At trial, Carlyle moved for a judgment of acquittal based on insufficiency of the evidence pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and the district court denied the motion. "We review de novo a district court's decision to deny a motion for a judgment of acquittal based on sufficiency of the evidence." *United States v. Smith*, 21 F.4th 122, 139 (4th Cir. 2021). "[W]e must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *Caldwell*, 7 F.4th at 209 (internal quotation marks omitted).

"In undertaking this analysis, we must bear in mind that the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence

presented." *Id*. (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Smith*, 21 F.4th at 139-40 (internal quotation marks omitted). "Any defendant bringing a sufficiency challenge bears a heavy burden, and reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id*. at 140 (internal quotation marks omitted).

We have reviewed the record and conclude the evidence was sufficient to support the jury's finding that Carlyle knowingly possessed the firearm that was found by police officers under the driver's seat of the vehicle that Carlyle was driving. The officers testified that Carlyle admitted that the vehicle and firearm were his, that he got the firearm from his cousin, and that he kept it for protection. The Government also presented evidence of a prior traffic stop in which he was found in possession of a firearm in his vehicle. On appeal, Carlyle points out that one of the officers testified that he made a recording of his interview with Carlyle but did not preserve it for trial; and he argues that it would not be logical for him to remain at the scene of an auto accident to be interviewed by police if he knew there was a firearm in his car. Although the failure of the officer to preserve the recording of his statements may warrant an adverse inference, *see Goodman v. Diggs*, 986 F.3d 493, 497 n.6 (4th Cir. 2021), "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented," *Caldwell*, 7 F.4th at 209.

Finally, Carlyle contends that the district court erred at sentencing by overruling his objection to the two-level increase in offense level for obstruction of justice under USSG § 3C1.1. Carlyle testified at his first trial, but it ended in a mistrial when the jury could not

5

reach a unanimous verdict. He chose not to testify in his second trial, and he was convicted. At sentencing, the district court found by a preponderance of the evidence that Carlyle gave false testimony concerning a material matter at his first trial and that his testimony was made willfully with the intent to deceive, not as a result of any confusion, mistake, or faulty memory. Carlyle argues that if the jury believed he was not being truthful, it would have convicted him at his first trial; and because the sentencing judge was not present at the first trial, the judge should not substitute his judgment for that of the first jury.

"When reviewing a district court's application of a sentencing guideline, we review factual findings for clear error and legal conclusions de novo." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018). "Before applying a sentencing enhancement for obstruction of justice, the court must find by a preponderance that the defendant: (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." *Id*. (internal quotation marks omitted).

"[C]lear Supreme Court and Fourth Circuit precedent hold that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Medley*, 34 F.4th 326, 335 (4th Cir. 2022) (internal quotation marks omitted). "We will not reverse a lower court's finding of fact simply because we would have decided the case differently." *Id*. at 337 (internal quotation marks omitted). "Instead, clear error occurs when the lower court's 'factual findings are against the clear weight of the evidence considered as a whole.'" *Id*.

6

Although we have noted that "[d]istrict courts hold an especial advantage in fact finding where the sentencing enhancement is based upon testimony or trial proceedings that they have personally observed," *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015), there is no requirement for the sentencing judge to personally witness a defendant's perjury or his provision of materially false information to apply the enhancement for obstruction of justice. In fact, the enhancement may be applied by a sentencing judge when the defendant commits perjury in a separate civil proceeding or provides materially false information to a magistrate judge or probation officer, if the perjury or other obstructive conduct is related to the offense of conviction and any relevant conduct or a closely related offense. *See* USSG § 3C1.1 cmt. n.4(B), (F), (H); *Savage*, 885 F.3d at 225-26.

We have reviewed the record and conclude that the district court did not commit any error in applying the enhancement under § 3C1.1. The sentencing judge presided over the second trial and personally witnessed the testimony of the Government's witnesses and admission of evidence in that trial; and the judge reviewed the transcripts from the first trial before overruling Carlyle's objection based on a preponderance of the evidence. The court found Carlyle's testimony that he told the officers the firearm was not his, and that the officers were lying when they testified that he admitted possessing it, was false, since it was contrary to the jury's finding in the second trial. The court also found the testimony concerned a material question in the case, and his statements were made willfully with the intent to deceive, not as the result of any confusion, mistake, or faulty memory. The court made the required findings, and we find no error in its application of the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*